UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 01-4708

TIMOTHY WAYNE JOHNSON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CR-01-130)

Submitted: March 12, 2002

Decided: April 4, 2002

Before LUTTIG, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

G. Ernest Skaggs, SKAGGS & SKAGGS, Fayetteville, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Timothy Wayne Johnson appeals his conviction and sentence imposed pursuant to a guilty plea to conspiracy to destroy federal property in violation of 18 U.S.C. § 371 (1994). Johnson's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising one issue but representing that, in his view, there are no meritorious issues for appeal. Johnson has filed a pro se supplemental brief asserting one additional issue. Finding the issues raised are without merit and discerning no other error in the record below, we affirm.

Counsel contends the district court erred in calculating Johnson's criminal history. Because Johnson did not challenge his sentence on this ground in the district court, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). We find that the district court did not plainly err under *U.S. Sentencing Guidelines Manual* § 4A1.1(c) (2000) in assessing Johnson one criminal history point each for two West Virginia shoplifting convictions.

In his pro se supplemental brief, Johnson contends the district court erred by denying him a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a)-(b). Because Johnson did not challenge his sentence on this ground in the district court, we review for plain error. *See Olano*, 507 U.S. at 731-32. We find no error, plain or otherwise. Moreover, to the extent Johnson argues his plea was neither knowing nor voluntary due to his expectation of a downward adjustment for acceptance of responsibility, we find this claim belied by the record and without merit.

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm Johnson's conviction and sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests a petition be filed, but counsel believes such a petition would be frivolous, counsel may move this court at that time for leave to withdraw from representation. Counsel's motion

must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*